[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15618
Non-Argument Calendar
_____

Agency No. A088-483-671

TIANCHI ZHANG,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(December 5, 2017)

Before JORDAN, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Tianchi Zhang, proceeding *pro se*, petitions for review of the Board of Immigration Appeals' ("BIA") final order affirming the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  The BIA determined that Zhang waived any challenge to the IJ's denial of his asylum claim based on political opinion, and it held that he failed to meet his burden of proving he was eligible for asylum based on religious persecution because he did not provide sufficient, reasonably available corroborating evidence.  It held that he thus necessarily failed to meet his burden of proof for withholding of removal, and that he had presented no persuasive argument for reversing the IJ's finding that he failed to prove he was eligible for CAT relief.

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision.  Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001).  Additionally, we "may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as a matter of right."  Immigration and Nationality Act ("INA") § 242(d)(1), 8 U.S.C. § 1252(d).  The exhaustion requirement is jurisdictional and precludes review of claims not presented to the BIA.  Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006).  Findings of the IJ not reached

by the BIA are not properly before us.  Gonzalez v. U.S. Att'y Gen., 820 F.3d 399, 403 (11th Cir. 2016).

We review agency factual determinations under the substantial-evidence test, and we "must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole."  Silva v. U.S. Att'y Gen., 448 F.3d 1229, 1236 (11th Cir. 2006) (quotation omitted).  We may not reweigh the evidence from scratch; rather, we "view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision."  Id.  Findings of fact may be reversed only if "the evidence compels a reasonable fact finder to find otherwise."  Chen v. U.S. Att'y Gen., 463 F.3d 1228, 1231 (11th Cir. 2006).  To the extent that the BIA's decision was based on a legal determination, we review it *de novo*.  Silva, 448 F.3d at 1236.

To meet the burden of establishing eligibility for asylum, an alien must, with credible evidence, establish (1) past persecution on account of a statutorily protected ground, or (2) a "well-founded fear" that the alien will be persecuted on account of a protected ground.  Id.  Past persecution creates a rebuttable presumption of well-founded fear of future persecution.  8 C.F.R. § 208.13(b)(1).  Well-founded fear means "a reasonable possibility of personal persecution that cannot be avoided by relocating within the subject country" or "a pattern or

3

practice in the subject country of persecuting members of a statutorily defined group of which the alien is a part." Id. § 208.13(b)(2).  The protected statutory grounds are race, religion, nationality, membership in a particular social group, and political opinion.  INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A).

To be entitled to withholding of removal, a petitioner must establish that he would more likely than not be persecuted on a protected ground, which is a higher evidentiary threshold than the "well-founded fear" standard for asylum.  Rivera v. U.S. Att'y Gen., 487 F.3d 815, 820–21 (11th Cir. 2007).  "If an applicant is unable to meet the 'well-founded fear' standard for asylum, he is generally precluded from qualifying for either asylum or withholding of [removal]." Id. at 821 (quotation omitted).

To be eligible for CAT relief, an alien must demonstrate that it is more likely than not he would be tortured if removed to his country of origin.  8 C.F.R. §§ 208.16(c)(2), 208.17(a), 208.18(a)(1).  "Torture" is defined as "any act by which severe pain or suffering. . . is intentionally inflicted on a person for . . . any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." Id. § 208.18(a)(1).  To constitute torture, an act must be specifically intended to inflict severe physical or mental pain or suffering.  Id. § 208.18(a)(5).

An applicant's testimony may be sufficient to meet his burden of proof without corroboration, but only if "the applicant satisfies the trier of fact that [his] testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate" eligibility for relief from removal.  INA § 208(b)(1)(B)(ii), 8 U.S.C. § 1158(b)(1)(B)(ii).  In determining whether the applicant has met his burden of proof, "the trier of fact may weigh the credible testimony along with other evidence of record."  Id.  "Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided" unless the applicant does not possess it and cannot reasonably obtain it.  Id.

As an initial matter, the BIA correctly concluded that Zhang waived his political opinion asylum claim by making no argument about it to the BIA, and thus it is unexhausted.  Additionally, the BIA did not reach his arguments about credibility and whether the facts of his testimony show past persecution or a well-founded fear of future persecution so those issues are not properly before us.

Substantial evidence supports the BIA's conclusion that Zhang did not meet his burden of proof for asylum and withholding of removal based on religious persecution because he failed to provide sufficient corroborating evidence.  Zhang's testimony was not so credible, persuasive, and specific to compel a finding that he did not need any more corroboration than the testimony he

provided.  Furthermore, he was on notice that he needed to provide corroborating evidence, and acknowledged that he could have provided more, yet he did not because he did not believe it necessary.  These admissions prove fatal to Zhang's case, since they demonstrate that he could have reasonably obtained corroborating evidence to support his claim.  Substantial evidence also supports the BIA's conclusion that Zhang did not meet his burden of proof for CAT relief, as he offered no proof that Chinese officials continued to search for him after he left or would again harm him, in a way that would rise to torture, upon his return.

**PETITION DENIED.**